UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHERYL W. JOHNSON; and KARRAS
& ANDRE BOUTIQUE LLC,

      Plaintiffs,

v.                                 Case No. 6:20-cv-587-Orl-37GJK

TAYLOR MADE LENDING, LLC; and
CMFL INVESTMENTS, LLC,

      Defendants.
_____

### ORDER

     Defendants move to dismiss Plaintiffs' amended complaint (Doc. 19 ("**Complaint**")). (Doc. 20 ("**Motion**").) Plaintiffs oppose. (Doc. 21.) On review, the Motion is granted in part.

### I.    BACKGROUND[1]

     Plaintiff Cheryl W. Johnson ("**Johnson**") sought to purchase property in Winter Springs, FL ("**Property**") as her home. (Doc. 19, ¶ 9) She used Defendant Taylor Made Lending, LLC ("**Taylor**") to finance a portion of the purchase. (*Id.*) Taylor told Johnson that creating another LLC was necessary to consummate the transaction. (*Id.* ¶ 12.) So Plaintiff Karras & Andre Boutique LLC ("**K&A**") was created and used for the transaction on May 17, 2017. (*Id.* ¶¶ 9, 12–13; Docs. 19-1, 19-2.) Despite Johnson's express intent to

---

[1] The facts in the Complaint (Doc. 19) are taken as true and construed in the light most favorable to Plaintiffs. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

use the Property as her primary residence, Taylor told Johnson to use K&A for the transaction; this was so Taylor could avoid disclosure requirements under the Truth in Lending Act ("**TILA**"). (Doc. 19, ¶¶ 13, 14.) On January 22, 2020, Plaintiffs sent a notice of rescission to Taylor. (*Id*. ¶ 25; Doc. 19-4.) Two months later, Taylor assigned Plaintiffs' mortgage to Defendant CMFL Investments, LLC ("**CMFL**"), but didn't notify Plaintiffs. (Doc. 19, ¶¶ 18, 33.)

So Plaintiffs sued for rescission under TILA, violation of the Real Estate Settlement Procedures Act ("**RESPA**"), and violation of the Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**"). (Docs. 1, 19.) Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) and argues Johnson does not have standing. (Doc. 20.) With Plaintiffs' response (Doc. 21), the matter is ripe.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." A complaint "does not need detailed factual allegations" but "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.   ANALYSIS

### A.   Standing

Defendants argue Johnson does not have standing because her "sole involvement" in the transaction was as manager of K&A. (Doc. 20, pp. 8–9). Standing has constitutional

and prudential requirements. *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). Constitutionally, "the plaintiff must show: (1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Id*. Prudential standing is based on "principles of judicial restraint" and courts look to: (1) whether the plaintiff's claims falls within the "zone of interests protected by the statute"; (2) whether the complaint raises "generalized grievances . . . . more appropriately resolved by the legislative branches"; and (3) "whether the plaintiff is asserting his or her own legal rights" rather than the those of third parties. *Id*. (quotation marks and citation omitted).

Defendant argues only K&A is part of the transaction, so Johnson does not have standing. (Doc. 20, p. 8.) This argument goes to standing's constitutional requirements and the third prudential concern—asserting the legal rights of a third party. *See Harris*, 20 F.3d at 1121. According to the Complaint, Taylor misled Johnson into using K&A so Defendants could avoid statutory disclosure requirements. (Doc. 19, ¶¶ 12–13.) Because of Defendants' misrepresentation, Johnson alleges she suffered an actual injury: deprivation of disclosures she was entitled to since she was using the loan to purchase her primary residence. (*Id*. ¶¶ 13–14, 20.) Although K&A is listed on the transaction, Johnson alleges this arrangement was fraudulent and harmed Johnson. (*See id*.) And this conduct forms the basis of the Complaint. (*See* Doc. 19.) As Johnson has alleged an injury she suffered because of Defendants' conduct, that could be addressed by a favorable ruling, Johnson has established constitutional standing and that she's asserting her own

rights, rather than those of K&A. *See Harris*, 20 F.3d at 1121; *Bischoff v. Osceola Cty., Fla.*, 222 F.3d 874, 885 (11th Cir. 2000).

**B.    TILA**

Plaintiffs allege the transaction is subject to rescission under 15 U.S.C. § 1635 because Taylor violated TILA by failing to provide certain disclosures.  (Doc. 19, ¶¶ 19–30.) Defendants say Plaintiffs have no rescission right here because the transaction was for a business purpose. (Doc. 20, pp. 3–5.)

Under TILA, borrowers may rescind a loan three days after the transaction or after delivery of disclosures, with the right expiring three years after the transaction. *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 261–62 (11th Cir. 2015). The right of rescission applies to a transaction "in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1635(a). But it does not apply to transactions primarily for business purposes or to organizations. *See* 15 U.S.C. § 1603(1).

Plaintiffs filed an affidavit that the transaction was for a business purpose and the transaction was done by K&A, an organization. (Docs. 19-1 to 19-3.) If true, the transaction would be exempted from rescission under TILA. *See* 15 U.S.C. § 1603(1); *No Straw, LLC v. Stout Street Funding, LLC*, No. 2:12-CV-0182-RWS-JCF, 2012 WL 12875689, at *2 (N.D. Ga. Dec. 11, 2012). Plaintiffs say K&A's involvement resulted from fraudulent conduct by Taylor and this transaction was not truly for a business purpose. (Doc. 19, ¶¶ 12–14.) But even looking beyond K&A's involvement and the business purpose affidavit, Plaintiffs' TILA claim still fails.

TILA exempts a "residential mortgage transaction" from the right of rescission. 15 U.S.C. § 1635(e). A residential mortgage transaction is one "in which a mortgage . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). Plaintiffs say the transaction was consummated "to finance a portion of the purchase of the Plaintiff's principal dwelling," a security interest "was created with the intent to finance the acquisition," and Taylor "retained a security interest in the [the Property]." (Doc. 19, ¶¶ 9, 15, 16.) As alleged, Plaintiffs "obtained the loan at issue to finance the purchase of [Johnson's] residence," and a security interest was retained against the residence—so the transaction is exempt from rescission. *See Cooper v. Countrywide Home Loans*, 724 F. App'x 741, 743 (11th Cir. 2018); *see also* 15 U.S.C. §§ 1635(e), 1602(x). Plaintiff's TILA claim for rescission is dismissed.

## C.    RESPA

Plaintiffs allege Taylor violated 12 U.S.C. §§ 2605(b) and (c) of RESPA by failing to notify them in writing that Taylor assigned servicing of the loan to CMFL. (Doc. 19, ¶¶ 31–34.) Defendants say Taylor has remained the loan *servicer* and Taylor has only assigned its *interest* in the loan. (Doc. 20, pp. 6–7.)

Under RESPA a servicer must notify a borrower of any assignment of the servicing of the loan. 12 U.S.C. §§ 2605(b), (c). According to the Complaint, Taylor failed to notify Plaintiffs of "the assignment of the servicing of the loan to [CMFL]." (Doc. 19, ¶ 32.) At this stage, the Court accepts Plaintiffs' factual allegations as true. *See Iqbal*, 556 U.S. at 679. As Plaintiffs allege the assignment was for servicing the loan, they have pled a RESPA

claim. *See Green v. JPMorgan Chase Bank, N.A.*, 109 So. 3d 1285, 1287 (Fla. 5th DCA 2013).

### D.    FDUTPA

Plaintiffs claim Defendants violated FDUTPA by misrepresenting the transaction as for a business purpose to avoid disclosure requirements. (Doc. 19, ¶¶ 35–38.) Defendants say the claim should be dismissed because Plaintiff do "not offer any evidence to support this allegation." (Doc. 20, p. 7.) But evidence is not required at this early stage. *See* Fed. R. Civ. P. 8(a).

To state a claim for damages under FDUTPA, Plaintiffs must allege "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Bilotta v. Citizens Info. Assocs., LLC*, No. 8:13-cv-2811-T-30TGW, 2013 WL 12155486, at *2 (M.D. Fla. Dec. 20, 2013) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)). A deceptive act is one likely to mislead a reasonably-acting consumer to her detriment and an unfair practice is unethical, offends public policy, or is substantially harmful to consumers. *Id.* (citations omitted). Actual damage is the difference in market value of how a product was delivered and the condition it should have been delivered in. *Id.* at *3 (citing *Rollins, Inc.*, 951 So. 2d at 869).

Plaintiffs allege Taylor misrepresented creating K&A was necessary to complete the transaction, despite Johnson's expression the loan would purchase her primary residence. (Doc. 19, ¶¶ 12, 14.) Taylor did this to avoid disclosure requirements. (*Id.* ¶ 13.) As alleged, this conduct is unethical and deceptive. But Plaintiffs have not alleged actual damages. (*See* Doc. 19.) Without facts that Plaintiffs suffered actual damages, Plaintiffs'

FDUTPA claim fails. *See Bilotta*, 2013 WL 12155486, at *3. But Plaintiffs will be given leave to amend the claim as they may be able to plead actual damages.[2]

### IV.   CONCLUSION

It is **ORDERED AND ADJUDGED**:

1.   Defendants' Motion to Dismiss Amended Complaint (Doc. 20) is **GRANTED IN PART AND DENIED IN PART**:

    a.   Plaintiffs' First Cause of Action (Doc. 19, ¶¶ 19–30) is **DISMISSED WITH PREJUDICE**;

    b.   Plaintiffs' Third Cause of Action (Doc. 19, ¶¶ 35–38) is **DISMISSED WITHOUT PREJUDICE**;

    c.   In all other respects, the Motion is **DENIED**.

2.   By Thursday, **August 6, 2020**, Plaintiffs may file an amended complaint correcting the deficiency identified in their Third Cause of Action. Failure to timely file will result in this action proceeding solely on the Second Cause of Action.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2020.

---

[2] Defendants also argue the Complaint should be dismissed because Plaintiffs have failed to include some exhibits to the Complaint, citing a Florida procedural rule. (Doc. 20, p. 9.) But this Court is not bound by Florida's procedural rules. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Under the Federal Rules, Plaintiffs are only required to state "a short and plain" claim for relief. *See* Fed. R. Civ. P. 8(a).



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record